UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIRNELL WILLIAMS (B-58000), | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 9072 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Tirnell Williams, currently a state prisoner, brought this *pro se* suit against the Chicago Transit Authority ("CTA") under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and Illinois law. Doc. 7. The court dismissed without prejudice Williams's federal claims under Civil Rule 12(b)(6). Docs. 67-68 (reported at 2017 WL 4467456 (N.D. Ill. Sept. 30, 2017)). Williams repleaded, Docs. 69, 71, 77, and the CTA moved to dismiss the amended pleading, Doc. 81. The court dismissed certain of Williams's claims but allowed others to proceed. Docs. 97-98 (reported at 2018 WL 3068352 (N.D. Ill. June 21, 2018)). The only remaining federal claim is that the CTA violated the ADA and Rehabilitation Act by providing insufficient wheelchair space on the Brown Line train that Williams boarded in January 2015, and the only remaining state law claim is that the train operator acted negligently in departing the station before Williams secured his wheelchair. *Ibid*.

The parties engaged in discovery, and the CTA now moves for summary judgment on the remaining federal claim. Doc. 107. The motion is granted, and the court under 28 U.S.C. § 1367(c)(3) relinquishes its supplemental jurisdiction over the remaining state law claim.

## Background

Consistent with Local Rule 56.1, the CTA filed a Local Rule 56.1(a)(3) statement of undisputed facts along with its summary judgment motion. Doc. 109. The factual assertions in the Local Rule 56.1(a)(3) statement cite evidentiary material in the record and are supported by the cited material. *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph."). Also consistent with the local rules, the CTA served on Williams a Local Rule 56.2 notice, which explains to *pro se* litigants what Local Rule 56.1 requires of a party opposing summary judgment. Doc. 110. If Williams wished to oppose summary judgment, Local Rule 56.1(b) required him to file

> (1) any opposing affidavits and other materials referred to in Fed. R. Civ. P. 56(e); (2) a supporting memorandum of law; and (3) a concise response to [the movant's Local Rule 56.1(a)(3)] statement that shall contain: … (B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon; and (C) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

N.D. Ill. L.R. 56.1(b).

Williams filed a Local Rule 56.1(b)(3)(B) response, Doc. 113, two Local Rule 56.1(b)(2) memoranda of law, Docs. 114-115, and an affidavit, Doc. 116. His Local Rule 56.1(b)(3)(B) response does not address the first eight paragraphs of the CTA's Local Rule 56.1(a)(3) statement, Doc. 109 at ¶¶ 1-8, so the factual assertions in those paragraphs are deemed admitted. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("[A]ll material facts set forth in the [Local Rule 56.1(a)(3)] statement … will be deemed to be admitted unless controverted by the statement of the opposing party."). Williams's Local Rule 56.1(b)(3)(B) response disputes the two remaining paragraphs

of the CTA's Local Rule 56.1(a)(3) statement, Doc. 109 at ¶¶ 9-10, but does not cite any supporting record evidence, Doc. 113 at ¶¶ 1-2, thereby violating Local Rule 56.1(b)(3)(B)'s requirement that a non-movant support his denials with "specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(B). Accordingly, those two paragraphs of the CTA's Local Rule 56.1(a)(3) statement are also deemed admitted. *See Olivet Baptist Church v. Church Mut. Ins. Co.*, 672 F. App'x 607, 607 (7th Cir. 2017) ("The district court treated most of the [defendant's] factual submissions as unopposed, because the [plaintiff] failed to contest them in the form required by Local Rule 56.1(b). We have held that the district court is entitled to enforce that rule in precisely the way it enforced the rule in this litigation."); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015) ("The non-moving party's failure … to cite to any admissible evidence to support facts presented in response by the non-moving party render the facts presented by the moving party as undisputed."); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (same); *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004) (same); *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003) (same); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (same).

The Seventh Circuit "has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015) (citing cases); *see also Zoretic v. Darge*, 832 F.3d 639, 641 (7th Cir. 2016) (same); *Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); *Patterson v. Ind. Newspapers,*

*Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) (same). Williams's *pro se* status does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Zoretic*, 832 F.3d at 641 ("While we liberally construe the pleadings of individuals who proceed pro se, neither appellate courts nor district courts are obliged in our adversary system to scour the record looking for factual disputes.") (internal quotation marks omitted); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules … ."); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("[S]trictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant.") (citation omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[E]ven *pro se* litigants must follow rules of civil procedure.").

Before proceeding, the court notes that nothing Williams filed in opposition to summary judgment can be considered a Local Rule 56.1(b)(3)(C) statement of additional facts. Docs. 113-116. Like Local Rule 56.1(b)(3)(B), Local Rule 56.1(b)(3)(C) requires "references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(C). None of Williams's Local Rule 56.1 filings cite specific record evidence to support their factual assertions, and so those assertions are not properly part of the summary judgment record. *See Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 710 (7th Cir. 2015) ("[T]he district court did not abuse its discretion in disregarding the facts contained in [the plaintiff's] statement of additional facts that were not supported by proper citations to the record.").

The court is mindful that "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not … automatically result in judgment for the movant. [The movant] must still demonstrate that it is entitled to judgment as a matter of law." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations and internal quotation marks omitted). Accordingly, the court will recite the facts as favorably to Williams as the record and Local Rule 56.1 permit, and then will determine whether the CTA is entitled to judgment on those facts. *See Swyear v. Fare Foods Corp.*, 911 F.3d 874, 880 (7th Cir. 2018). At this juncture, the court must assume the truth of those facts, but does not vouch for them. *See Donley v. Stryker Sales Corp.*, 906 F.3d 635, 636 (7th Cir. 2018).

The CTA is a municipal corporation that provides public transportation services to the Chicago metropolitan area. Doc. 109 at ¶ 4. On January 22, 2015, Williams, who was using a wheelchair, boarded Rail Car No. 3341 on the CTA's Brown Line. *Id*. at ¶¶ 3, 6-8. Rail Car No. 3341 is part of the 3200 series of CTA rail cars. *Id*. at ¶ 8. As indicated in the 3200 series floor plan and confirmed in an affidavit signed by the CTA's Chief Engineer Jim Harper, Docs. 109-4, 109-5, all 3200 series rail cars include a wheelchair securement area measuring more than 48 inches by 30 inches. Doc. 109 at ¶¶ 9-10; Doc. 109-4. The floor plan also shows that the wheelchair securement area contains seats that can be folded down to accommodate passengers who do not use wheelchairs, and that the CTA's measurements were taken when the seats were folded up. Doc. 109-4.

## Discussion

As in its earlier opinions, familiarity with which is assumed, the court will refer to the ADA and the Rehabilitation Act together, as "[o]ther than some minor differences not relevant here, the statutes are coextensive." *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524,

528 (7th Cir. 2014). Williams's sole remaining federal claim alleges that the rail car he used on January 22, 2015, did not comply with ADA regulations governing the space required for wheelchair access on rapid rail trains. 2018 WL 3068352, at *3. It is undisputed that 49 C.F.R. § 38.57(b) governs the wheelchair securement space the CTA was required to provide. Doc. 107 at ¶ 3; Doc. 114 at ¶ 2(C). The regulation requires public entities to design rail cars so that "wheelchair … users can … position the[ir] wheelchairs … in areas [that] … hav[e] a minimum clear space of 48 inches by 30 inches." 49 C.F.R. § 38.57(b). The CTA did not violate § 38.57(b) because Rail Car No. 3341, like all rail cars in the 3200 series, provided more than 48 inches by 30 inches of clear space where riders could position their wheelchairs. Doc. 109 at ¶¶ 8-10. Therefore, the CTA is entitled to summary judgment on Williams's ADA claim.

Williams contends that neither the floor plan for the 3200 series rail cars nor Chief Engineer Harper's affidavit establishes that Rail Car No. 3341 complied with § 38.57(b) because the floor plan does not depict, and Jim Harper did not measure, Rail Car No. 3341 specifically. Doc. 113 at ¶ 1; Doc. 114 at ¶ 2(D); Doc. 115 at ¶¶ 1, 4. This argument fails. Harper averred that the CTA keeps rail car floor plans in the regular course of business; that he is familiar with the floor plans and specifications of the CTA's rail cars, including 3200 series rail cars; and that the floor plan the CTA provided accurately depicts the measurements of 3200 series rail cars. Doc. 109-5 at ¶¶ 3-5. Williams offers no evidence to support his contention that Rail Car No. 3341 has a layout different from other 3200 series rail cars or that 3200 series rail cars vary in layout. Moreover, as explained above, Williams is deemed to have admitted the CTA's factual assertion that "*all* 3200 series rail cars feature maneuverable space … in excess of … 48 inches by 30 inches" by failing to contest that assertion in the manner required by Local Rule 56.1. *Id*. at ¶ 9 (emphasis added).

Williams asserts that he attempted to sit not in the ADA-compliant area depicted in the floor plan, but in a different, smaller area of the rail car. It follows, he contends, that the floor plan does not establish that the particular seat he chose satisfied § 38.57(b). Doc. 113 ¶¶ 1-2; Doc. 114 ¶ 2(D); Doc. 115 ¶ 2; Doc. 116 at ¶ 4. As explained above, Williams did not set forth in the manner required by Local Rule 56.1 any facts concerning where he sat or attempted to sit in the car. Accordingly, his factual assertions concerning that matter are disregarded. *See Shaffer v. Am. Med. Ass'n*, 662 F.3d 439, 442 (7th Cir. 2011) (noting that it "is certainly within a district court's prerogative" to decline to consider "any facts that were not contained in the parties' Rule 56.1 statements"); *Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (holding that the predecessor to Local Rule 56.1(b)(3) "provides the only acceptable means of … presenting additional facts to the district court"); *Dunhill Asset Servs. III, LLC v. Tinberg*, 2012 WL 3028334, at *3 (N.D. Ill. July 23, 2012) ("Under settled law, facts asserted in a brief but not presented in a Local Rule 56.1 statement are disregarded in resolving a summary judgment motion."); *Garner v. Lakeside Cmty. Comm.*, 2011 WL 2415754, at *1 n.1 (N.D. Ill. June 13, 2011) ("[T]he Court disregards any additional statements of fact contained in a party's response brief but not in its L.R. 56.1(b)(3)[ ] statement of additional facts."); *Byrd-Tolson v. Supervalu, Inc.*, 500 F. Supp. 2d 962, 966 (N.D. Ill. 2007) ("[F]acts are properly presented through the framework of the Rule 56.1 statements, and not through citation in the briefs to raw record material … ."). In any event, the regulation does not require that the free space around the wheelchair user's *chosen* seat measure 48 inches by 30 inches; rather, it requires only that the rapid rail provider make available a 48-inch-by-30-inch wheelchair securement area somewhere in the rail car. 49 C.F.R. § 38.57(b).

Williams also asserts that the folding chairs in the rail car were folded down at the time he boarded, and therefore that the car did not conform to the floor plan, which depicts the dimensions of the car with the chairs folded up. Doc. 113 at ¶ 1; Doc. 114 at ¶ 2(C); Doc. 115 at ¶¶ 2, 4; Doc. 116 at ¶ 1. Again, Williams has not set forth in the manner required by Local Rule 56.1 any facts concerning whether the seats were folded up or folded down, so any argument based on that factual assertion is not properly presented. *See Shaffer*, 662 F.3d at 442; *Midwest Imps.*, 71 F.3d at 1317; *Dunhill Asset Servs.*, 2012 WL 3028334, at *3; *Garner*, 2011 WL 2415754, at *1 n.1; *Byrd-Tolson*, 500 F. Supp. 2d at 966. And even if the seats were folded down when he boarded the rail car, Williams offers no legal authority or argument for the proposition that the governing regulation prohibits the CTA from using folding chairs in the wheelchair securement area. Accordingly, any such argument is forfeited. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court.").

Williams's opposition papers advance three additional claims. First, Williams argues that the State and Lake train station does not comply with 49 C.F.R. § 37.51(a), which sets standards for facilities designated as "key stations." Doc. 114 at ¶ 2(A); Doc. 116 at ¶ 2. The court dismissed that claim in its prior opinion, reasoning that the complaint does not allege that State and Lake is a key station. 2018 WL 3068352, at *2. Williams's assertion in his opposition brief that State and Lake *is* a key station cannot resurrect that claim, as a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) (quoting *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002)); *see also Messner v. Calderone*, 407 F. App'x 972, 974 (7th Cir. 2011) ("A plaintiff cannot add additional claims through arguments made in opposing summary

judgment, and thus the district court properly declined to consider the new theory at summary judgment.") (internal citations omitted).

Second, Williams argues that the Clark and Lake train station does not have an adequate wheelchair accessible travel path as required by 49 C.F.R. § 37.43. Doc. 114 at ¶ 2(B); Doc. 116 at ¶ 3. That argument, too, is a non-starter because that claim does not appear in the operative complaint. *See Anderson*, 699 F.3d at 997; *Messner*, 407 F. App'x at 974. In any event, as the court explained in its prior opinion, § 37.43 imposes certain requirements on public entities when they "alter[] … existing public transportation facilit[ies]." 2018 WL 3068352, at *2 (citing *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 92 (3d Cir. 2011)). The complaint does not allege that the Clark and Lake station underwent alterations, so it does not raise the hint of a viable claim under § 37.43.

Third, Williams asserts that the rail car's seats did not "allow a route of at least 32 inches." Doc. 115 at ¶ 3. Although Williams does not cite the relevant regulatory provision, § 38.57(b) requires that trains leave a 32-inch aisle space for wheelchair users. *See* 49 C.F.R. § 38.57(b) ("Handrails, stanchions, and seats shall allow a route at least 32 inches wide so that at least two wheelchair or mobility aid users can enter the vehicle and position the wheelchairs or mobility aids in [wheelchair securement] areas … ."). But the record indisputably shows that the rail car had the 32-inch aisle space—Harper avers that "the dimensions depicted in [the floor plan] are accurate," Doc. 109-5 at ¶ 5, and the floor plan, which is drawn to scale, plainly shows that the aisle is at least 32 inches wide, Doc. 109-4.

This leaves Williams's state law claim, which alleges that the train operator acted negligently in setting the train in motion before Williams could secure his wheelchair. For the reasons discussed in the court's first opinion, 2017 WL 4467456, at *5, and in an exercise of its

discretion under 28 U.S.C. § 1367(c)(3), the court relinquishes its supplemental jurisdiction over Williams's state law claim and dismisses that claim for want of subject matter jurisdiction.

## Conclusion

The CTA's summary judgment motion is granted as to Williams's federal claims. The court relinquishes its supplemental jurisdiction over the state law claims, which Williams may pursue in state court, subject of course to any available defenses.

Final judgment will enter. If Williams wants to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If he appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome. 28 U.S.C. § 1915(b)(1); *United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002). If he seeks leave to proceed *in forma pauperis* on appeal so that he may pay the appellate filing fee in installments, he must file a motion seeking leave to do so in this court. *See* Fed. R. App. P. 24(a)(1). His motion must include his intended grounds for appeal. If the appeal is found to be non-meritorious, Williams could be assessed a "strike" under 28 U.S.C. § 1915(g). If Williams accumulates three dismissals under § 1915(g), he will not be able to file an action in federal court (except a petition for habeas corpus relief) without prepaying the filing fee, unless he demonstrates that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Williams need not bring a motion to reconsider this court's ruling to preserve his appellate rights. However, if Williams wants the court to reconsider its judgment, he may file a motion under Civil Rules 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a Rule 59(e) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1).  The time to file a Rule 60(b) motion cannot be extended.  *See* Fed. R. Civ. P. 6(b)(2).  A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

March 6, 2019

_____
United States District Judge